UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Case No. 3:12-CR-124 JD |
| | ) | |
| MARQUIS KASIMIR BROADWAY | ) | |

ORDER

On March 6, 2013, the Court issued a preliminary order proposing to sever Mr. Broadway's drug distribution charge (Count 6) from the trial on the firearm offenses (Counts 1-5) [DE 31]. The Court's order was just that, preliminary. It specifically invited counsel to respond, and the government did [DE 33]. And so, the government's indication in its motion to reconsider [DE 33] that an order was issued without the opportunity for briefing is inaccurate. The Court has carefully considered the government's arguments, yet respectfully disagrees with its position. For the reasons that follow and for the reasons set forth in the Court's preliminary order [DE 31], as incorporated herein, Count 6 is severed from a trial on the firearm offenses to begin with jury selection on March 11, 2013.

The government first takes issue with the fact that the Court's order was issued sua sponte and on "on the eve of trial" [DE 33 at 1]. Yet, the government provides no authority for the proposition that the Court is not permitted to issue such a severance order on its own to avoid likely prejudice to the defendant. In fact, Rule 14 does not mandate a motion be filed for the court to order separate trials of counts, *see* Fed. R. Crim. P. 14(a), and such a decision is left to the trial court's discretion, *see United States v. Rollins*, 301 F.3d 511, 517 (7th Cir. 2002) (citation omitted) ("Rule 14 leaves the determination of risk of prejudice and any remedy that may be necessary to the sound discretion of the district courts."). While a motion to sever is

certainly considered a pretrial motion, which might result in waiver of the argument if not timely filed, *see* Fed. R. Crim. P. 12(e), a party does not necessarily have to file a motion for the Court to issue a severance of counts. *See United States v. Febus*, 218 F.3d 784, 798 (7th Cir. 2000) (noting that the failure to sua sponte order severance is reviewed for plain error where no motion was made).

Furthermore, the Court would note that the Court's preliminary severance order did not raise the issue of severance for the first time. In response to the government's request to consolidate the juvenile and adult cases, defense counsel specifically objected to Count 6 being tried together with Counts 1-5 [DE 7, 8], and this was an issue that the Court alluded to during the final pretrial conference [DE 21]. True, defense counsel did not pursue the matter further, but the objection was filed and up until now has not been properly addressed. Thus, consideration of the severance issue should have come as no surprise.

Addressing the merits of the government's concerns, the government reiterates the presumption that the Court already acknowledged in its preliminary order—that there is a presumption employed that, because of the close relationship between drug trafficking and firearm offenses, joinder of such offenses is ordinarily proper. *See United States v. Blanchard*, 542 F.3d 1133, 1141 (7th Cir. 2008) (citing *United States v. Stokes*, 211 F.3d 1039, 1042 (7th Cir. 2000) (finding that because weapons are tools of the trade of drug dealers and "all of the violations charged in the indictment occurred at the same . . . place, and clearly constituted a series of acts" the drug trafficking and firearm offenses were properly joined)). As the Court previously mentioned, this presumption arises from the "natural inferences that may be drawn from the contemporaneous possession of guns and drugs or drug paraphernalia: the firearm is an

indication of drug activity, and participation in drug trafficking supplies a motive for having the gun." *Id*. (quoting *United States v. Hubbard*, 61 F.3d 1261, 1270 (7th Cir. 1995)). However, that presumption can be overcome, *see id.* at 1141-42 (citing *Hubbard*, 61 F.3d at 1271), as it has been in this case.

The government disagrees and contends that the Court improperly found that there was a "temporal disconnect" between Count 6 and the remaining charges, because in fact, Count 6 "*overlaps* temporally with all of the other counts, which occurred in 2011." [DE 33 at 4] (emphasis in original). But the cases upon which the government relies for the proposition that joinder of the offenses is proper are all readily distinguishable from Mr. Broadway's case. In *United States v. Pigee*, 197 F.3d 879 (7th Cir. 1999) the issue was whether the defendant, charged only with drug related crimes, was improperly joined with co-defendants also charged with weapon offenses. The Court held that joinder was proper because "all of the violations charged in the indictment occurred at the *same time and place*, and clearly constituted 'a series of acts.'" *Id*. at 891 (emphasis added). In *United States v. Stokes*, 211 F.3d 1039 (7th Cir. 2000) the Court determined that the gun and drug violations could be joined where the defendant was arrested in possession of a gun while attempting to purchase drugs. Thus, "all of the violations . . . *occurred at the same . . . place*, and clearly constitute 'a series of acts'. *Stokes*, 211 F.3d at 1042 (emphasis added). In *United States v. Blanchard*, 542 F.3d 1133 (7th Cir. 2008), the Seventh Circuit reiterated the presumption that joinder of drug trafficking and firearms offenses is ordinarily proper because of the close relationship between the offenses, but stated that the presumption may be overcome by showing a "significant temporal disconnect between the alleged offenses." *Blanchard*, 542 F.3d at 1141. The Court determined that there was no such

3

disconnect where "the indictment alleged that the methamphetamine manufacturing and firearms *offenses occurred at approximately the same time, and evidence of both offenses was recovered from the Roberts residence.*" *Id.* at 1141-42 (emphasis added). Lastly, in *United States v. Carter*, 695 F.3d 690 (7th Cir. 2012) the Seventh Circuit held that "[t]he *indictment's allegations* clearly indicate that the felon in possession counts are *logically related to*, and are *part of the same series of acts* as the car jacking counts." *Carter*, 695 F.3d at 700 (emphasis added). This was so because both co-defendants possessed the same Ruger pistol as that used to commit the car jacking, within one day of the car jacking. *Id.*

These cases establish that offenses are properly joined when the offenses occur at the same time and place or have a close temporal proximity. But these cases are materially different from the present case, because they involve the same firearm or a close temporal connection, and there is a clear connection with the firearm and drug offenses charged. The indictment in the present case offers nothing more than an overlap in time with the firearm offenses, sometime in 2011, *one year after* the alleged drug distributing began. In fact, that may be a generous interpretation, as the indictment simply says "in or around 2010 - 2011," not throughout that period of time. And while Mr. Broadway's marijuana distribution is alleged to have continued into 2011 (based on the government's representations at the final pretrial conference), the firearm offenses alleged in Counts 1-5 of the indictment make no mention of any drug distributing activities. According to the indictment itself, this is not a case where the firearms possessed in Counts 1-5 were discovered *along with* evidence of drug trafficking. Moreover, no count identifies the specific firearms that are the subject of each count and Count 6 makes no reference to a gun at all. Count 6 simply alleges distribution, and says nothing about defendants

4

possession of a firearm "as a tool of his drug trafficking trade".  Thus, the indictment provides no more information from which one might permissibly infer a connection between the criminal acts charged.

Instead, this case is more akin to *United States v. Hubbard*, 61 F.3d 1261 (7th Cir. 1995) where the Seventh Circuit concluded that the firearms and narcotics charges were misjoined where nearly a year and a half transpired between the two offenses. *Id*. at 1271.  While admittedly, the charges are more attenuated in *Hubbard*, the reasoning is applicable here because Rule 8(a) allows an indictment to charge multiple offenses if they are "of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan."  We don't have that here.  *See e.g., United States v. Hawkins*, 589 F.3d 694, 703–04 (4th Cir. 2009) (felon in possession count improperly joined with two car jacking counts under Rule 8(a), where the defendant was arrested possessing a different firearm seventeen days after the last car jacking); *United States v. Holloway*, 1 F.3d 307, 310-11 (5th Cir. 1993) (felon in possession count improperly joined with armed robbery counts under Rule 8(a) where the defendant was arrested possessing a different firearm two months after the robbery).  For purposes of Rule 8(a), the face of the indictment and the nature of the offenses charged simply do not provide a sufficient nexus for joinder of the 2011 firearm offenses and Mr. Broadway's alleged drug distribution beginning in 2010.

Further, the government's discounting the Count's concern about the potential prejudice that may result if a jury hears evidence of drug trafficking, in addition to the charged firearm offenses, is not well taken [DE 33 at 3].  The government does not explain how it is that having evidence introduced relative to Mr. Broadway's alleged drug possession and use (for purposes of

5

Count 4), is somehow equivalent to providing the jury with evidence that Mr. Broadway was also a drug *trafficker* (for purposes of Count 6).  And, while the Court is very aware of the Seventh Circuit authority favoring joinder of claims, as was noted in the preliminary severance order [DE 31 at 2], such joinder cannot be maintained at the risk of likely prejudice to the defendant.  Severance here does not offer Mr. Broadway a "better chance of acquittal," instead, it is necessary to ensure that prejudice does not result thereby depriving Mr. Broadway of a fair trial. *See United States v. Morales*, 655 F.3d 608 (7th Cir. 2011).  The Court is sensitive to the fact that some additional expense and inconvenience is caused by the government's having to call witnesses and prepare for two jury trials, however, in this case, the defendant's right to a fair trial exceeds any such inconvenience. *United States v. Calabrese,* 572 F.3d 362, 368 (7th cir. 2009) (noting that Rule 14 assigns to the district court the task of balancing the cost of multiple trials against the possible prejudice inherent in a single trial).

And given the fact that the jury will hear evidence of Mr. Broadway's committing a violent felony (Counts 1 and 2) in addition to his non-violent unlawful possession of firearms (Counts 3, 4, and 5), the prejudice likely to result from allowing the jury to also hear evidence of Mr. Broadway's drug trafficking (Count 6) cannot be cured by a mere limiting instruction. *See United States v. States,* 652 F.3d 734, 744 (7th Cir. 2011) (while the court presumes that the jury followed the instructions "[t]he presumption can be overcome, . . . [in a case where] the jury might have been unable or unwilling to follow instructions because unrelated non-violent charges were joined with violent ones, such that the jury might have reached the conclusion that the defendant 'was a bad and dangerous person.'") (citation omitted).

Accordingly, the Court finds that severing Count 6 from the firearm offenses will

6

eliminate the likely prejudice to Mr. Broadway,[1] and so the Court hereby ORDERS Count 6 severed from the trial to begin on March 11, 2013 with jury selection. Counsel will be contacted in the near future by the Court in order to set a jury trial on Count 6 which shall be set at a time that complies with Mr. Broadway's speedy trial rights.

SO ORDERED.

ENTERED:  March 8, 2013

      /s/ JON E. DEGUILIO
Judge
United States District Court

---

[1] The government's offer to withdraw the Rule 404(b) evidence relative to Mr. Broadway's alleged involvement in a March/April 2011 does not change this Court's determination about severance—such evidence was likely to be excluded anyway for the reasons stated in the Court's preliminary order [DE 31 at 6-8].