UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 3:12-CR-124 JD |
| | ) | Related Case Nos. 3:14-CV-1683 JD |
| MARQUIS KASIMIR BROADWAY | ) | 3:16-CV-0411 JD |

## OPINION AND ORDER

After pleading guilty, Marquis Kasimir Broadway was convicted of carjacking, in violation of 18 U.S.C. § 2119(1) (Count 1), and carrying and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c) (Count 2). On July 29, 2013, Mr. Broadway was sentenced to 162 months of imprisonment, comprised of 78 months on the carjacking charge (at the low end of the advisory guidelines range applicable to that count), followed by the consecutive 84 months on the § 924(c) charge (the statutory mandatory minimum term of imprisonment because the gun was admittedly brandished) [DE 60]. Mr. Broadway did not file a direct appeal, but filed a timely petition pursuant to 28 U.S.C. § 2255 [DE 63], which the Court denied in an extensive decision on the merits [DE 93] after holding an evidentiary hearing [DE 91]. Thereafter, Mr. Broadway, represented by the Federal Community Defenders' office, filed a second motion to vacate pursuant to 28 U.S.C. § 2255 [DE 97], along with an application seeking authorization from the Seventh Circuit to file the successive § 2255 motion, pursuant to 28 U.S.C. § 2244(b)(3). The Seventh Circuit denied Mr. Broadway's request and determined that the classification of federal carjacking as a crime of violence is unaffected by *Johnson v. United States*, 135 S.Ct. 2551 (2010). *Broadway v. United States*, No. 16-2646, doc. 5 (7th Cir. July 21, 2016).

Section 2255 gives a federal prisoner one opportunity to challenge a conviction and sentence following a direct appeal. *See* 28 U.S.C. § 2255(a), (h). If a prisoner seeks to challenge his conviction or sentence a second time, he must persuade a court of appeals to certify the motion and authorize the district court to hear it. *See* 28 U.S.C. §§ 2244(a)–(b), 2255(h). Without authorization from the court of appeals, the district court has no jurisdiction to hear the petition. *Suggs v. United States*, 705 F.3d 279 (7th Cir. 2013) (citing *Burton v. Stewart*, 549 U.S. 147, 152–53 (2007)); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) ("From the district court's perspective, it is an allocation of subject-matter jurisdiction to the court of appeals. A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing. Even an explicit consent by the government to beginning the case in the district court would be ineffectual; the power to authorize its commencement does not reside in either the district court or the executive branch of government. A second or successive collateral attack may no more begin in the district court than a criminal prosecution may commence in the court of appeals.").

Here, Mr. Broadway is challenging the same conviction and resulting sentence a second time via § 2255 without authorization from the Seventh Circuit. Because the Court has no authority to consider the unauthorized successive petition, it is DISMISSED for want of jurisdiction [DE 97], and a certificate of appealability will not be issued.

SO ORDERED.

ENTERED: July 26, 2016

_____/s/ JON E. DEGUILIO_____
Judge
United States District Court